BROWN & CONNERY, LLP
Stephanie Nolan Deviney, Esquire (SND-2009)
6 North Broad Street
Woodbury, NJ 08096
(856) 812-8900
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID AND SALLY SONSINO<br><br>Plaintiffs,<br>vs.<br><br>ROY WHITMORE<br><br>Defendant. | CIVIL ACTION NO. 06-cv-5385 |

**CERTIFICATION OF SALLY SONSINO IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE WHY DEFENDANT ROY WHITMORE SHOULD NOT BE REQUIRED TO APPEAR AND TO TURN OVER A DULY <u>NOTARIZED NOTE AND MORTGAGE FOR RECORDING</u>**

Sally Sonsino, of full age, hereby certifies and says:

1. I am a Plaintiff in the above-captioned matter.

2. On June 10, 2006, Defendant Roy Whitmore (the "Defendant") executed a Mortgage Note (the "Note") pursuant to which my husband David and I agreed to loan Defendant the sum of Ninety-Thousand Dollars ($90,000.00) and Defendant agreed to repay the principal amount of Ninety-Thousand Dollars ($90,000.00), plus interest. A true and correct copy of the Note is attached hereto as Exhibit A.

3. The term of the Note was for two (2) months and could only be extended upon consent of both parties.

4. To secure payment under the terms of the Note, the Defendant executed a mortgage (the "Mortgage") in favor of my husband and I on a property located at 8545 Rudderow Avenue, Pennsauken, New Jersey (the "Property"). A true and correct copy of the Mortgage is attached hereto as Exhibit B.

5. At the time the Defendant executed the Note and Mortgage, he informed us that he would provide us with a notarized version of the Note and Mortgage so that we could record the Mortgage with the Camden County Clerk's Office.

6. Defendant never provided us with a notarized version of the Note and Mortgage.

7. Without the notarized version of the Note and Mortgage, we cannot record the Note and Mortgage.

8. The failure to record the Note and Mortgage is severely prejudicial to us in that an unrecorded mortgage is void and has no effect against a subsequent judgment creditor, or bona fide purchaser, or mortgagee for valuable consideration.

9. Upon information and belief, the Defendant is actively attempting to refinance the Property which would subject the Property to a new mortgage.

10. The Defendant has defaulted under the terms of the Note and refused all demands for payment.

11. Accordingly, we request that this Court order the Defendant to appear and to turnover a notarized version of the Note and Mortgage so that we may properly record it with the Camden County Clerk's Office.

12. Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: November ___, 2006

_____
Sally Sonsino