**BROWN & CONNERY, LLP**
Stephanie Nolan Deviney, Esquire (SND-2009)
6 North Broad Street
Woodbury, NJ 08096
(856) 812-8900
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID AND SALLY SONSINO<br><br>       Plaintiffs,<br>vs.<br><br>ROY WHITMORE<br><br>       Defendant. | CIVIL ACTION NO. 06-5385 (RBK)<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiffs, David and Sally Sonsino (the "Plaintiffs"), by and through their counsel Brown & Connery, LLP, by way of a second Amended Complaint against defendant Roy Whitmore (the "Defendant"), say:

**THE PARTIES, JURISDICTION AND VENUE**

1. The Plaintiffs are individuals and citizens and residents of the Commonwealth of Pennsylvania with an address of 506 Andrew Road, Huntington Valley, Pennsylvania 19006.

2. The Defendant is an individual and citizen and resident of the State of New Jersey with an address of 19 Jennings Road, Medford, New Jersey 08055.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as diversity of citizenship exists between the parties, Plaintiffs are citizens of the

Commonwealth of Pennsylvania and Defendant is a citizen of the State of New Jersey, and because the amount in controversy exceeds $75,000.00.

4. This Court is one of proper venue under 28 U.S.C. § 1391(a) because the Defendant is a resident of the State of New Jersey and the actions complained of in the Complaint took place in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

5. On June 10, 2006, Defendant executed a Mortgage Note (the "Note") pursuant to which the Plaintiffs agreed to loan Defendant the sum of Ninety-Thousand Dollars ($90,000.00) and Defendant agreed to repay the principal amount of Ninety-Thousand Dollars ($90,000.00), plus interest at a monthly rate of Four and One Half Percent (4.5%).

6. The term of the Note was for two (2) months and could only be extended upon consent of both parties.

7. Pursuant to the terms and conditions of the Note, if the Defendant defaulted under any terms of the Note, Plaintiffs were entitled to declare Defendant in default under the terms of the Note.

8. Pursuant to the terms and conditions of the Note, upon default, Defendant is required to immediately pay the full amount of all unpaid principal, interest, costs of collection, and reasonable attorneys' fees incurred by the Plaintiffs incurred in collecting the amounts due and owing.

9. To secure payment under the terms of the Note, the Defendant executed a mortgage in favor of the Plaintiffs on a property located at 8545 Rudderow Avenue, Pennsauken, New Jersey (the "Mortgage").

## COUNT ONE (BREACH OF CONTRACT)

10. The allegations of the preceding paragraphs of this second Amended Complaint are repeated and incorporated herein as if set forth at length.

11. Defendant defaulted under the terms of the Note by failing to pay any amounts due and owing to the Plaintiffs.

12. Plaintiffs have demanded payment from the Defendant but Defendant has failed and refused to make any payments to the Plaintiffs.

13. Defendant's failure to make any payments constitutes a breach of the Note.

14. As a result of Defendant's breach, the Plaintiffs have been damaged.

15. As of November 9, 2006, the sum of $110,250.00, plus attorneys' fees and costs is due and owing under the terms of the Note consisting of $90,000.00 principal and $20,250.00 interest.

**WHEREFORE**, Plaintiffs request that this Court enter Judgment in favor of Plaintiffs David and Sally Sonsino and against Defendant Roy Whitmore and in the sum of $110,250.00, plus interest, attorneys'' fees and costs and such other relief as the Court deems appropriate.

**COUNT TWO (FRAUD)**

16. The allegations of the preceding paragraphs of this second Amended Complaint are repeated and incorporated herein as if set forth at length.

17. In order to induce the Plaintiffs to loan him the sum of Ninety-Thousand Dollars ($90,000.00), Defendant represented to the Plaintiffs that he would have the Note and Mortgage notarized and that he would return a notarized copy of the Note and Mortgage to the Plaintiffs for recording with the Clerk of Camden County.

18. Such representation was material was it would permit the Plaintiffs to secure the terms of the Note by giving them a recordable Mortgage.

19. In reliance upon Defendant's representation, Plaintiffs loaned the Defendant the sum of Ninety-Thousand Dollars ($90,000.00).

20. At the time Defendant made the representation, he knew or should have known that it was false.

21. Defendant never provided the Plaintiffs with a notarized Note or Mortgage.

22. As a result of Defendant's fraudulent representations, Plaintiffs have been damaged as they were unable to record the Mortgage in order to secure the terms and conditions of the Note.

**WHEREFORE**, Plaintiffs request that this Court enter Judgment in favor of Plaintiffs David and Sally Sonsino and against Defendant Roy Whitmore and in the sum of $110,250.00, plus interest, attorneys' fees and costs and such other relief as the Court deems appropriate and requiring Defendant to provide Plaintiffs with a notarize Note and

Mortgage for recording with the Clerk of Camden County.

                                                  **BROWN & CONNERY, LLP**
                                                  Attorneys for the Plaintiffs


                                                  By:  <u>/s/ Stephanie Nolan Deviney</u>
                                                           Stephanie Nolan Deviney

Dated: December 19, 2006